# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-60365
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DWAYNE L. DEAKLES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-83-1

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Dwayne L. Deakles appeals the revocation of the supervised release term imposed pursuant to his convictions for being a felon in possession of a firearm and making false statements in the acquisition of a firearm. Deakles argues that the district court erred in determining that he violated the special condition of his supervised release that he participate in a drug treatment program because the revocation hearing testimony by mental health workers on that issue occurred after his consent authorizing the disclosure of that privileged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

information had expired.  Deakles's failure to object on this basis in the district court mandates plain error review of his claim.  See United States v. Koehler, 790 F.2d 1256, 1258 (5th Cir. 1986).

Deakles conceded to violating the mandatory condition of his supervised release that he not use controlled substances.  The district court was required to revoke his supervised release on that basis alone.  See 18 U.S.C. § 3583(g)(1).  He therefore cannot show prejudice based on any alleged error on the part of the district court in receiving the complained-of testimony to establish a violation of the special condition of his supervision and cannot show plain error.  See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).  Deakles does not challenge the term of imprisonment he received upon revocation of his supervised release and therefore has abandoned any such challenge.  See United States v. Green, 964 F.2d 365, 371 (5th Cir.1992).

On October 26, 2007, Deakles's attorney filed a motion to withdraw based on the recent deterioration of his relationship with Deakles.  The motion is denied.  Deakles responded, asking us to appoint new counsel and to transfer him to a different prison.  Those motions are also denied.

AFFIRMED; MOTIONS DENIED.